UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES P. RIELLY,<br><br>                  Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>             Defendant. | NO:  CV-12-527-FVS<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

Before the Court are cross-motions for summary judgment, ECF Nos. 15, 17.  The Court has reviewed the motions, the memoranda in support, the Plaintiff's reply memorandum, and the administrative record.

## JURISDICTION

Plaintiff James P. Rielly filed an application for Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") benefits on January 5, 2009.  (Tr. 11, 121-22, 123-26.)  Plaintiff alleged an onset date of October 31, 2008, in both applications.  (Tr. 121, 123.)  Benefits were denied

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

initially and on reconsideration.  On April 28, 2009, Plaintiff timely requested a

hearing before an administrative law judge ("ALJ").  (Tr. 90-91.)  A hearing was

held before ALJ Marie Palachuck on February 17, 2010.  (Tr. 26-74.)    At that

hearing, testimony was taken from James Reilly, the claimant; Jinnie Lawson, a

vocational expert; Arthur Brovender, MD; and Thomas McKnight, PhD.  (Tr. 11,

26.)  The Plaintiff was represented by attorney Dana Madsen at the hearing.  (Tr.

26.)  On March 23, 2010, the ALJ issued a decision finding Plaintiff not disabled.

(Tr. 11-19.)  The Appeals Council denied review.  (Tr. 1-3.)  This matter is

properly before this Court under 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of this case are set forth in the administrative hearing transcripts

and record and will only be summarized here.  The Plaintiff was forty-seven years

old when he applied for benefits and was forty-eight years old when the ALJ

issued the decision.  The Plaintiff currently is unemployed, lives in an apartment,

and is supported through the Washington State Department of Social and Health

Services.  The Plaintiff has not sustained work since 2008.  The Plaintiff describes

being unable to find work due to back pain and mental health issues that are the

result of a motor vehicle accident he suffered in 1981.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877

F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. §  416.920.  Step one determines if he or she is engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If the plaintiff is able to perform his or her previous work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d

1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

The ALJ found that the Plaintiff met the insured status requirement through

December 31, 2013.  (Tr. 13.)  At step one of the five-step sequential evaluation

process, the ALJ found that Plaintiff has not engaged in substantial gainful activity

since October 31, 2008, the alleged date of onset.  (Tr. 13.)  At step two, the ALJ

found that Plaintiff had the severe impairments of: (1) history of fracture C6 in

1981, (2) history of concussion and coma in 1981, (3) history of fracture shaft left

ulna in 1981, (4) osteophytes C6-7, and (5) moderate degenerative disc disease.

(Tr. 13-17)  At step three, the ALJ found that none of the Plaintiff's impairments,

taken alone or in combination, met or medically equaled any of the impairments

listed in Part 404, Subpart P, Appendix 1 of 20 C.F.R.  (Tr. 17.)  The ALJ

determined that the Plaintiff had the RFC to perform light work subject to some

postural and environmental limitations.  (Tr. 17-19.)  At step four, the ALJ

determined that the Plaintiff could perform relevant past work as a cosmetologist

and cashier.  (Tr. 19.)  Accordingly, the ALJ found that the Plaintiff was not under

a disability for purposes of the Act.  (Tr. 19.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

## ISSUES

The Plaintiff argues that the ALJ's decision is not supported by substantial evidence or free of legal error because (1) the ALJ erred at step two by not finding Mr. Rielly's mental impairments severe; and (2) the ALJ erred by failing to appropriately support his decision rejecting the opinions of Mr. Reilly's various treating and examining medical providers.

## DISCUSSION

**Step Two Severity Determination**

To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. §§ 404.1508, 416.908; *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985).  The ALJ then determines whether the medically determinable impairment significantly limits her physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c); 416.920(c). The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe," or "disabling" as defined by the Social Security regulations.  *See e.g. Edlund*, 253 F.3d at 1159-60; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

An impairment may be found to be non-severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." Social Security Ruling ("SSR") 85-28.    Medical evidence alone is evaluated in assessing severity.  *Id.*  "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs."  *Id.*  Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situation."  *Id.*

"[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Yuckert*, 482 U.S. at 153-54).  An ALJ may find an impairment not severe "only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'"  *Id.* (citing SSR 85-28).

Mr. Rielly argues that ALJ Palachuk erred in failing to find that Mr. Rielly's alleged mental impairments were severe.  However, the ALJ ultimately found in Mr. Rielly's favor at step two by finding that Mr. Rielly suffered from severe impairments.  (Tr. 13.)  Accordingly, any error in failing to find severe mental

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 9

impairments was harmless as to step two. *Burch v. Barnhart*, 400 F.3d 676, 682

(9th Cir. 2005). Any harm from that error would be felt instead during the ALJ's

RFC determination affecting steps four and five. *Id.* Accordingly, the Court will

review the ALJ's weighing of the medical evidence by the ALJ to determine

whether Mr. Rielly was prejudiced at steps four and five.

**Weighing of the Medical Evidence**

In evaluating a disability claim, the adjudicator must consider all medical

evidence provided. A treating or examining physician's opinion is given more

weight than that of a non-examining physician. *Benecke v. Barnhart,* 379 F.3d

587, 592 (9th Cir. 2004). If the treating physician's opinions are not contradicted,

they can be rejected by the decision-maker only with clear and convincing reasons.

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may

reject the opinion with specific, legitimate reasons that are supported by substantial

evidence. *See Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463

(9th Cir. 1995). In addition to medical reports in the record, the testimony of a

non-examining medical expert selected by the ALJ may be helpful in her

adjudication. *Andrews,* 53 F.3d at 1041 *(citing Magallanes v. Bowen,* 881 F.2d

747, 753 (9th Cir. 1989). Testimony of a medical expert may serve as substantial

evidence when supported by other evidence in the record. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding the treating physician's opinion. *Flaten*, 44 F.3d at 1463-64; *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir 1989). The ALJ need not accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical finding." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (*citing Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). Where an ALJ determines a treating or examining physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for considering the purpose for which the doctor's report was obtained and for rejecting the inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996.) Rejection of an examining medical source opinion is specific and legitimate where the medical source's opinion is not supported by his or her own medical records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Mr. Rielly was evaluated by Andrew B. Forsyth, PhD, on February 27, 2006. Dr. Forsyth diagnosed Mr. Rielly as suffering from an adjustment disorder, an impulse control disorder, and a personality disorder. (Tr. 279.) Dr. Forsyth opined that Mr. Rielly had marked limitations in his ability to exercise judgment

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

and make decisions, ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting, and ability to control physical or motor movements and maintain appropriate behavior. (Tr. 280.) Dr. Forsyth also found moderate limitations in Mr. Rielly's ability to relate appropriately to co-workers and supervisors and interact appropriately in public contacts. (Tr. 280.) In the narrative portion of his opinion, Dr. Forsyth opined that Mr. Rielly "appears marginally capable of maintaining employment beyond the short run owing to his poor judgment, deficient impulse control, and antisocial personality traits." (Tr. 283.)

Mr. Rielly was evaluated by Allen D. Bostwick, PhD, on May 17, 2007. (Tr. 293.) Dr. Bostwick diagnosed Mr. Rielly with dementia with mild to moderate neurobehavioral residuals and a history of antisocial behavior. (Tr. 307.) In contrast to Dr. Forsyth, Dr. Bostwick did not identify a clinically significant personality disorder. (Tr. 307.) However, Dr. Bostwick opined that Mr. Rielly had a moderate impairment to his left hand that was "indicative of a lateralization of effect implicating comprised right anterior cerebral hemisphere functioning." (Tr. 302.) Mr. Rielly was also mildly impaired in the psychomotor speed of his right hand and moderately impaired in the psychomotor speed of his left hand. (Tr. 305, 308.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

Mr. Rielly was evaluated by Kayleen Islam-Zwart, PhD, on February 6, 2009. (Tr. 311.) Dr. Islam-Zwart diagnosed Mr. Rielly with antisocial personality disorder. (Tr. 312.) Dr. Islam-Zwart opined that Mr. Rielly would suffer marked limitations in his ability to exercise judgment and make decisions, and in his ability to control physical or motor movements and maintain appropriate behavior. (Tr. 313.) Dr. Islam-Zwart further opined that Mr. Rielly would suffer moderate limitations in his ability to relate appropriately to co-workers and supervisors as well as his ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. (Tr. 313.)

Mr. Reilly was evaluated by Dennis R. Pollack, PhD, on February 4, 2010. (Tr. 366.) Dr. Pollack diagnosed Mr. Rielly with dementia due to head trauma and antisocial personality disorder. (Tr. 371.) Dr. Pollack opined that Mr. Rielly would have marked limitations in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and his ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without and unreasonable number and length of rest periods. (Tr. 373.) Dr. Pollack also opined that Mr. Rielly suffered a moderate limitation to his ability to accept instructions and respond appropriately to criticism from supervisors. (Tr. 373.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13

The ALJ heard testimony from Thomas McKnight, PhD, at the February 17, 2010, hearing.  (Tr. 38-49.)  Dr. McKnight concurred in the diagnoses of dementia due to head trauma and a personality disorder.  (Tr. 39.)  However, Dr. McKnight noted that Mr. Rielly has suffered the personality disorder since the onset of adulthood, and the dementia and motor movement restrictions have existed since Mr. Rielly's 1981 car accident.  (Tr. 42.)  Dr. McKnight noted that Mr. Rielly worked successfully from 2004 until 2007 despite suffering both disorders.  (Tr. 42.)  Accordingly, Dr. McKnight disagreed with the severity determinations made by the other doctors and concluded that Mr. Rielly suffered only mild impairments. (Tr. 42-45.)

In short, four different examining medical sources found that Mr. Rielly suffered some form of psychological or neurological limitation that could affect his ability to work. Dr. McKnight, a nonexamining and nontreating source, disagreed. The ALJ gave "some weight" to Dr. Bostwick's findings and gave "little weight" to the findings of Dr. Forsyth, Dr. Islam-Zwart, and Dr. Pollack.  (Tr. 14-15.)  The ALJ gave "significant weight" to the testimony of Dr. McKnight.  (Tr. 16.)  The ALJ included no psychological limitations in his RFC.  (Tr. 17.)

The testimony of Dr. McKnight alone cannot be the sole basis for rejection of the examining medical sources.  *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995).  Instead, where the opinion of an examining physician is contradicted by

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

other medical evidence, the ALJ must provide specific and legitimate reasons for rejecting the examining source. *Id.* at 830-31. The ALJ relied on the same grounds for discounting each of the examining medical sources: first, that the opinions of the medical experts were not consistent with the objective medical evidence; and second, that the opinions of the medical experts were not consistent with Mr. Rielly's work history. (Tr. 14-15.)

With regard to consistency with the objective medical evidence, the Court concludes that the ALJ failed to provide specific reasons supported by substantial evidence in the record to reject the opinions of the examining sources. Each of the examining sources used various tests to examine Mr. Rielly. (Tr. 284, 293, 317-19, 369-71). The ALJ fails to explain how these tests are deficient or how the conclusions drawn by the examiners are unsupported by the tests.

With regard to Mr. Rielly's work history, the Court finds that the ALJ has provided a specific and legitimate basis for rejecting the testimony of the examining medical sources. The examiners' opinions that Mr. Rielly would have significant limitations to his ability to work are belied by the fact that Mr. Rielly was employed with few gaps from April of 2004 until October of 2007. (Tr. 158.) None of the examiners' opinions contradict Dr. McKnight's testimony that onset of the personality disorder, dementia, and motor limitations occurred prior to 2004. (*See* Tr. 278-321, 366-75.) Additionally, the record supports the finding that Mr.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

Rielly's loss of employment was due to his criminal history and reports of theft from his employers, not due to any impairment.  (Tr. 50-51, 316-17.)  None of the medical evidence identifies a new trauma suffered by Mr. Rielly or a basis for expecting that Mr. Rielly's symptoms have worsened.  Given Mr. Rielly's ability to work despite his impairments, the ALJ's decision to reject the opinions of Mr. Rielly's examining mental health professionals was supported by the record.

With regard to Mr. Rielly's physical limitations, Mr. Reilly was examined by William M. Shanks, MD, on April 23, 2009.  (Tr. 358.)  Dr. Shanks diagnosed Mr. Rielly as suffering multi-level degenerative disc disease of the lumbar spine, mild in degree except at the L2-3 level due likely to an old fracture.  (Tr. 360.)  Dr. Shanks opined that Mr. Rielly would be limited to sedentary work and would need to be able to move around frequently to prevent stiffness in his spine.  (Tr. 360.)

Dr. Shanks' opinion that Mr. Rielly would be limited to sedentary work is contradicted by the testimony of nonexamining medical expert Arthur Brovender, MD.  Dr. Brovender concluded, in agreement with state agency medical consultant Alfred Scottolini, MD, that Mr. Rielly could perform at a medium exertional level. (Tr. 36, 331, 356.)

In preferring the opinions of the testifying medical expert and the state agency medical consultant over the opinion of Dr. Shanks, ALJ Palachuk noted that despite Dr. Shanks' opinion that Mr. Rielly would be limited to sedentary

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

work, Dr. Shanks found no radicular component to Mr. Rielly's back injury. (Tr. 18.) ALJ Palachuk also pointed to Dr. Shanks' opinion that the injury was not so severe as to require surgery and that Mr. Rielly could be managed conservatively. (Tr. 18.) For these reasons, ALJ Palachuk concluded that Dr. Shanks' opinion was not consistent with his own objective findings. (Tr. 18.) Such a reason is an appropriate basis to reject the testimony of an examining physician. *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003). Accordingly, the ALJ's decision is supported by substantial evidence in the record and is free of legal error.

**IT IS HEREBY ORDERED:**

1. The Plaintiff's motion for summary judgment, ECF No. 15, is DENIED.

2. The Defendant's motion for summary judgment, ECF No. 17, is GRANTED.

3. JUDGMENT shall be entered for the Defendant.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to provide copies to counsel, and to close this file.

**DATED** this 2nd of January 2014.


*s/Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17